**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE LLORENTE, | : | |
| Petitioner, | : | Civil Action No. 10-2534 (KSH) |
| v. | : | **OPINION** |
| ERIC H. HOLDER, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Jose Llorente
A-039-045-628
Bergen County Jail
160 S. River Street
Hackensack, NJ 07601

Aaron S. Goldsmith
U.S. Department of Justice
Office of Immigration Litigation
Liberty Square Building
450 Fifth Street, NW
Room 6224
Washington, DC 20001

**HAYDEN**, District Judge

   Petitioner Jose Llorente, an alien detainee currently confined at Bergen County Jail in Hackensack, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The respondents are Warden Robert J. Bigott and various federal officials.

---

[1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.  BACKGROUND

Petitioner is a citizen of Colombia who entered the United States in September 1966 and again in December 1984. Petitioner has been convicted of numerous crimes, most notably a January 6, 1994 conviction and a August 15, 1994 conviction, in the Criminal Court of the City of New York - County of Queens, for Criminal Possession of a Controlled Substance in the Seventh Degree, both in violation of section 220.03 of the New York Penal Law. Petitioner conceded those convictions at hearing before an immigration judge on April 8, 2010. Petitioner also has a number of outstanding pending charges.

Petitioner was incarcerated at Rikers Island Correctional Facility where he was identified as a criminal alien pursuant to the New York City Alien Program. Petitioner was taken into Immigration and Customs Enforcement (ICE) custody on November 19, 2009. It was determined on December 11, 2009 that Petitioner was subject to mandatory detention and should remain in custody until the resolution of his removal proceeding. A Notice to Appear was filed against Petitioner on December 14, 2009.

Various proceedings have taken place before the immigration judge, including many that were continued at the request of Petitioner. Petitioner filed this Petition, dated May 13, 2010, during the pendency of those still-ongoing proceedings. Petitioner has provided this Court with numerous affidavits

regarding the status of his immigration hearings, all of which indicate that the removal proceedings are still pending and that a final order of removal has not yet been issued.

## II. STANDARDS FOR REVIEWING PRO SE PLEADINGS

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III. ANALYSIS

Petitioner is detained pursuant to the pre-removal order detention provision, 8 U.S.C. § 1226(c). Petitioner challenges his detention under that provision, and in addition seeks a declaration that the provision is unconstitutional.

Under 8 U.S.C. § 1226(c), the Attorney General is required to detain certain deportable aliens, including those who have been convicted of an aggravated felony or of violating a state law relating to a controlled substance. In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court considered whether mandatory pre-removal-order detention under § 1226(c) violates due process.

In the case of an alien who conceded that he fell within the categories of deportable aliens subject to mandatory detention under § 1226(c), the Supreme Court found that detention of deportable criminal aliens pending their removal proceedings did not violate due process. 538 U.S. at 531. The Court noted that such proceedings typically last only a few months and, in contrast to the potentially indefinite post-removal period detention rejected in Zadvydas v. Davis, 533 U.S. 678 (2001), pre-removal-order detention has a finite termination point. 538 U.S. at 529-530. Here, while the removal proceedings have continued more than a few months, numerous continuances have been granted at Petitioner's request.

To the extent that Petitioner here cites to Zadvydas to support his claims, reliance on that case is not proper since the holdings in that matter pertain to post-removal period detention, a stage of detention that Petitioner has not yet achieved since he still awaits a final removal order.[2]

---

[2]Once a alien detainee has received a final order of removal, continued detention is pursuant to 8 U.S.C. § 1231(a), which governs the detention and removal of an alien subject to a final order of removal. Section 1231(a)(2) requires the detention of such aliens during the 90-day removal period. Detention beyond the end of the 90-day removal period is governed by the constitutional principles set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court held that post-removal-order detention is subject to a reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See

Petitioner also appears to challenge the still-pending removal proceedings against him. The proper means for challenging the removal proceedings would be to exhaust administrative remedies following final order and to file an appellate petition for review.[3]

Petitioner is currently subject to mandatory detention, pending resolution of his removal proceedings, and as such, this Petition must be dismissed as an invalid challenge to that detention.

### IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed, without prejudice to Petitioner filing a new Petition should circumstances warrant. An appropriate order follows.

/s/ Katharine S. Hayden
Katharine S. Hayden
United States District Judge

Dated:

July 27, 2011

---

Zadvydas v. Davis, 533 U.S. 678 (2001)

[3] 8 U.S.C. § 1252(b)(9) provides, in relevant part: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."